# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| LORI LENHART ) | CIVIL ACTION NO. |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| TATE & KIRLIN ASSOCIATES, INC. ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant. ) | |
| _____) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Lori Lenhart ("Plaintiff"), is a natural person who at all relevant times resided in the State of North Carolina, County of Wake, and City of Raleigh.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Tate & Kirlin Associates, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt for an automobile loan, Defendant sent Plaintiff a debt collection notice letter dated June 7, 2011.

12. Defendant's letter was addressed as follows:

> "Lori H Lenhart
> Weiser Meyer Attorney
> APT 101
> 3001 TRIMBLESTONE LN
> RALEIGH, NC 27616-5950"

13. Defendant possessed actual knowledge that Plaintiff was being represented by counsel. *See* correspondence attached hereto as Exhibit A.

14. Despite knowledge that Plaintiff was being represented by counsel, Defendant mailed its letter to Plaintiff directly.

15. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

16. Plaintiff repeats and re-alleges each and every allegation contained above.

17. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 16th day of September, 2011.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (N.C. Bar No. 37533)
Weisberg & Meyers, LLC
409A Wakefield Dr.
Charlotte, NC 28209
(888) 595-9111 ext. 260
(866) 565-1327 (fax)
hdowd@attorneysforconsumers.com

ATTORNEYS FOR PLAINTIFF